Mr. Hairston v. Department of Veterans Administration Ms. Wall, whenever you're ready. Thank you, Your Honor. May it please the Court, I'm Gabe Wall. I represent the appellant, Mr. Arthur Hairston. Mr. Hairston is an Air Force veteran who filed a pro se complaint alleging discrimination in the Northern District of West Virginia. The District Court wrongly dismissed his complaint for lack of subject matter jurisdiction and for failure to exhaust his administrative remedies. The District Court does have jurisdiction over Mr. Hairston's claims and he was not required to exhaust remedies. The facts of this case are important. Mr. Hairston is a pro se plaintiff, so his complaint needs to be construed thoroughly. Mr. Hairston's complaint alleged that on August... in October of 2008, he attempted to apply for veterans benefits to file... He alleges that... VA withheld... Ms. Wall, hold on a second. You seem to be fading in and out on the audio. Thank you, Your Honor. Going back to the facts Mr. Hairston alleged in his complaint, it says that in August of 2018 and again in October of 2018, he attempted to apply for veterans benefits. Both times the VA withheld the necessary information for him to submit his application. In December of 2018, he learned of the formal application requirement, submitted that application, and that's when the claims process began. The delay caused by this discriminatory withholding of information resulted in a delayed start date to any benefits for which he's eligible as well as other damages. The complaint that he filed in February of 2019 in the district court, it is a short complaint, and it says in the caption of the complaint, Title VII discrimination. However, he makes no further reference to Title VII in his complaint and instead asserts a very basic tort of discrimination. Now, he filed to proceed without paying his filing fees, so the Madison court got the first look at his complaint. Reading into that Title VII, the Madison judge considered this a Title VII claim and analyzed it under the basis of his application, saying that because he had not asserted that he exhausted administrative remedies as he's required to do under Title VII, the court did not have subject matter jurisdiction. Now, Mr. Harrison filed objections to this report and recommendation, and in his objections, he urged the court... Ms. Walt, so how do we have subject matter jurisdiction given that this is a claim involving the processing of veterans' benefits? Your Honor, I disagree that this is a claim involving the processing of veterans' benefits, and I think what the VA is asserting is that even though it concedes that the district court made an erroneous decision based on Title VII, that Section 511 precludes the court from jurisdiction, is what you're saying. That section is the only avenue of review of the VA's decisions and processing of veterans' claims, and I emphasize decisions and processing because that's not what we have here. Mr. Harrison is not seeking a review of any decision of the VA or processing of his application. He's saying... And that's because his claim is that he was discriminated against before he even got to that point, is that right? Exactly. He was prevented from submitting an application and beginning the claims process altogether because the VA withheld that necessary information. And I'll go back... Counsel... Sorry, Judge Harris here. So I have a question. I guess I do understand what you're saying, that this doesn't count as the processing of a claim because it's before he filed it. But your entire merits position, right, is that there's all this stuff the VA has to do before someone even files a claim. And so it seems to me that those two arguments are a little bit in tension with each other. I mean, the whole point of his claim is that before I even filed my benefits claim, the VA violated all of its own regulations about what has to happen. So it seems like the processing does, in fact, begin before the claim is filed on your own account. You're referring to... In the formal brief, I gave several avenues of potential federal question jurisdiction. And one of them I point out that the VA does have its own regulations saying the type of assistant that it has to afford somebody who comes in to file a claim. In that case, it's not so much that Mr. Harrison's saying they didn't follow their own regulations. That would be an avenue of an equal protection violation, saying that it was the discrimination that caused an unequal application of these protections. But that's just one avenue of a potential federal question jurisdiction that I put forth in there. Section 511 does not preclude the jurisdiction of this claim. That is simply jurisdiction at the gate. Mr. Harrison never even got through the door. This claim is different than his claim for entitlement to benefits. And the VA's cases supporting this jurisdictional bar all deal with challenging the denial of benefits or the delay in the provision of care or benefits. There's no final decision alleged in Mr. Harrison's complaint and no claim, he alleges, that was being processed. The process that he's stating here doesn't begin until he files his formal application in December of 2018. Yes, Your Honor. Sorry, this is the last one on this point. So I thought that what he was asking for as relief was that he should have gotten benefits during that time when no one was giving him the right information, from August 2018 to August 2019. That's what he wants, benefits for that year. He states that in his complaint as an avenue for... It's also in your opening brief. And I'm not faulting you, that's the gist of his claim. He thinks he was entitled to benefits for that year. He didn't get it. He wants this court to deem him eligible for benefits for that year. I don't see how that's not a benefits decision. Your Honor, I refined that argument a little bit in the reply. To be honest, I wasn't expecting the VA's argument on 511 jurisdiction because I see that as jurisdiction of VA decisions. And this was just not a decision. So yes, he wants benefits from the time he initially attempted to apply. But I think we have to concede that the eligibility for benefits is a VA decision. If the VA decides he was never eligible for these benefits that were in that December 2018 application, then the district court can't go back and force the VA to change its decision on that. This is a discrimination case for damages that, you know, to those benefits, they be considered started at the date initially applied, as well as other damages. He also submitted his objections to the report recommendation. And in his objections, he stated that this is not a Title VII case. To the extent I put that in my complaint, it was an inadvertent mistake. And the district court, in its opinion, acknowledged the objections and even the standard that it review the portions of the report and recommendation to which he objected to no vote. However, it failed to do that. So going back to the section... Ms. Wall, just to follow up on Judge Harris' question, so what relief beyond that, what relief are you seeking that the VA or the Veterans Courts could not provide Mr. Harris? Or Mr. Hairston, sorry. He has currently an appeal going for the denial of those benefits that he applied for in December of 2018. So if the VA ultimately decides he was never eligible for benefits based on that, I don't know that he can't go back and ask the district court to compensate him with benefits he was never entitled to. But that doesn't mean that under these legal theories he's presented alternative theories. Or however the evidence takes out, there could be compensatory or punitive damages or other damages that he's alleged. Does that answer your question? Go ahead, Judge Harris. Yes. I'm sorry. Did you say that he has an appeal currently pending before the Veterans Board? Did I understand that right? Yeah, within the Section 511 jurisdictional framework, the application that he finally submitted and started the process in 2018, December of 2018, it's my understanding that he was initially denied those benefits. So he's in the appeals process utilizing the Section 511 jurisdiction scheme that's set out in the Veterans Judicial Review Act. And he wants us to do what then? I don't understand. If his appeal is already pending, what are we supposed to do? He's got an appeal pending on whether or not he's eligible for benefits. The case that he brought in the Northern District of West Virginia is discrimination tort. He tried to apply for benefits. He tried to access a procedure that he was entitled to access. And he was discriminated against when the VA withheld the necessary information for him to file his application and begin that process. And is he raising that discrimination... Sorry, is that discrimination claim... Is that claim before the board, the discrimination claim? Yeah, and I haven't seen all the documents before the board. It's my understanding that the Board of Review Avenue is just for appealing the denial. So I don't know the basis of the denial of his eligibility for those benefits. But isn't his argument... I assumed his... Let Judge Thacker go, sorry. No, I don't have any... You go ahead, Judge Harris. I'm just confused. I would have assumed his argument... I have not seen the board papers either, but I would have assumed his argument is what I'm able to pick up from the complaint and the brief is that his whole argument is from 2018 to 2019, the reason I didn't get benefits is because no one told me how to apply because they were discriminating against me. So I assume that's his argument before the board. I should have gotten benefits, and the reason I didn't is because people discriminated against me instead of following the process for telling me how to file an application. So I guess I am... And if it's not before the board, it seems like it's kind of waived. I guess I just don't understand what we can do while this matter is pending somewhere else. Your Honor, it may be the case where this particular relief of whether he's eligible or whether he should have his benefits backdated to August when he initially tried to apply and was discriminated against has to wait until there's a final decision from the board on whether or not he's even eligible. But that doesn't discount any other avenues of relief for just a straight-up discrimination tort here. Well, is he asking for damages? What's he asking for for the discrimination? He does ask. He says compensatory, monetary, other damages. So depending on which legal theory progresses in the evidence, I think there is a possibility that there are other damages there other than this backdating of benefits that he would be eligible for. Yes, Judge? How would he have a claim for damages if, in fact, his VA benefits claim is ultimately denied based on discrimination? Isn't there an approximate cause problem there? You know, I read the complaint in the application process differently than Judge Harris. He's got this discrimination case that is asserting there was discrimination and wrongdoing at the application stage, before the application stage. And then he applies for benefits. And that application is denied by the board. That, I believe, is what he's appealing, that whether or not he's eligible. Not this discrimination, this wrongdoing at the start of the application process. So I see that as two different issues pending in two different jurisdictions. And while the relief in the discrimination case may be affected by whether or not he was even eligible for these VA benefits, I don't know that that's the only relief that he can get for a discrimination tort that he's alleged the essential facts for. And if the court looks at this case under the Brody v. Matter case, where the group of veterans allege that the government withheld information that would have enabled them to apply for benefits, I think that case is particularly relevant here. I think that's a lot of what Mr. Harrison is saying. He was denied at the door the opportunity to file his claim, which resulted in a several-month lag of getting his application in. So the lower court ruling of lack of subject matter jurisdiction under Title VII was erroneous. I think everybody agrees that that was wrong. This is not a Title VII complaint. I'm contending that Section 511 does not apply here because there was no claim in process or a decision by the VA at the time the wrongful conduct occurred. And I would also note that the court should not uphold the wrongful judgment of the district court on grounds that were not first presented in the district court. And I think that's the general rule, and I don't see that there is an exception to that rule here. Granted, the VA did not have the opportunity to present its arguments in the district court, but it is still the general rule that this court may uphold judgments on separate grounds but that contemplates those grounds at least being considered by the court or presented to the court. I'm sorry, Your Honor, I can't hear you. Sorry. I don't think that that rule of law that you just described applies when it comes to our jurisdiction. We're always able to examine our jurisdictions on appeal whenever, even if not raised by a party. That may be the case. I still would argue that without having presented evidence and argument before the district court and giving the district court the first pass on this, and maybe that's not the correct standard for reviewing jurisdiction, I would urge the court that Section 511 does not preclude jurisdiction. And to the extent the court would consider it, it appears we have sort of a factual issue of when a claim process begins, right? Because none of the cases that the VA discusses talks about conduct that happened before there was a claim in process. Your Honor, I see that I'm out of time. I can reserve the rest for my rebuttal. All right, thank you, Ms. Wall. Ms. Neumeister, we'll hear from you. Good afternoon, Your Honor. May it please the court, McKay Neumeister on behalf of the government. In enacting Section 511A, Congress intentionally effectuated a broad divestiture of district court jurisdiction and channeled claims to the VJRA scheme. That provision reserves to the Secretary, all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits. The consensus of courts is that Section 511A applies to any claim that would require a court to determine whether the VA acted properly in handling a request for benefits. Plaintiff's claims here do exactly that. His complaint at page 5 of the JA seeks, quote, the benefits entitled from August 2018 to present. And his reply brief at page 4 reiterates that he's requesting that his benefits application be deemed completed as of August 2018. In substance, what plaintiff challenges is the effective date of any pension benefits that he might be entitled to. His claims must fall in the heartland of Section 511A and must be brought through the VJRA scheme. I'm sorry, Your Honor, I believe you're muted. Okay, I'm having trouble this afternoon, but thank you for that. Your opponent says that this claim is about much more than a simple denial of an application for benefits but entails some form of discrimination and not being guided properly along the way. Would the VA have any jurisdiction over a claim, whether, you know, equal protection, due process, discrimination over a claim like that? Yes, Your Honor, so the constitutional claims are routinely pursued through the VJRA scheme, particularly due process claims. Really, the full panoply of the issues that plaintiff is raising in this case can proceed through the VJRA scheme. And in creating that scheme, Congress intended that that is what would happen, that all questions of law and fact respecting veterans' benefits would proceed through the VJRA scheme. To the exclusion of the district courts? That's correct, Your Honor, to the exclusion of the district courts. And Congress set that scheme up with several important purposes in mind. It wanted to ensure consistency and uniformity in veterans' benefits decision-making. It wanted to prevent overburdening the district courts with this litigation and to ensure that the necessary expertise that exists in that scheme through the regional offices, the Board of Veterans' Appeals, the Court of Appeals for Veterans' Claims, which is a specialized court just for these issues, and then the Federal Circuit, that those were the courts that were deciding these questions, which involve sometimes complex policymaking determinations and applications of VA policies. Can those bodies award punitive damages? I'm not certain of that answer, Your Honor, whether that is a kind of relief that they can award. But ultimately, regardless of whether that's the case, Congress made a determination that these kinds of questions would proceed through that scheme and it is the entities in that scheme and ultimately the Court of Appeals for Veterans' Claims and the Federal Circuit that would make determinations with respect to liability and the availability of any relief. You know, just because a particular claimant might not be successful in achieving the specific relief he might seek doesn't mean that he's entitled to another forum. Congress has chosen the forum for these questions to be litigated. And ultimately, Your Honor, there is no unfairness in the result here because as was mentioned earlier, plaintiff is actively litigating the substance and benefits determination in the proper forum right now. And there are avenues for plaintiffs to raise the claims in this action through the BJRA scheme as well, which is precisely how Congress intended these kinds of claims to be provided. Counsel, it seems like everything got mixed up because the district court, the magistrate judge, and the district court thought this was a Title VII claim. And you're conceding, right, that what happened below, that that was incorrect, this should not have been treated as a Title VII claim? That's correct, Your Honor. We think that that was a mistake. Okay. And so normally, as your colleague points out, we would send this back to the district court and maybe let the district court take the first look at this jurisdictional question under the BJRA, but can we not do that here? Is there a question as to whether we have jurisdiction to hear this appeal? I don't believe the question is as to this court's jurisdiction, Your Honor. I think I'll admit I haven't specifically thought about this court's jurisdiction as opposed to the district court's jurisdiction. So could we send it back and have the district court make the first determination as to whether it has jurisdiction to hear this case under the BJRA? It's within the court's discretion to do that, Your Honor, but we don't think that that's necessary in this case. Earlier, Judge Diaz was asking my colleague about the ordinary forfeiture rule and the requirement that issues that aren't raised below can only be raised with extraordinary circumstances, and the court has previously recognized that that does not apply to issues of subject matter jurisdiction, particularly in a case from last year, Jesus Christ of the Antler Ministries, Inc., v. Baltimore County. That's 915 F. 3rd 260 at footnote 2. The court recognized that for issues that aren't raised below, there are two ways the court can consider that for the first time on appeal, either the ordinary forfeiture rule and the showing of extraordinary circumstances, or it's an issue of subject matter jurisdiction. And we think that because... Sure, and I don't doubt that we could resolve this question. I'm just trying to figure out what is the best thing to do in light of, I mean, whether it would be helpful for someone to take a look at what's going on in the VA and get, like, an actual record about what is going on here. If we decide the issue, we have to do it just on these briefs. And so that's my question. I assume we could do it either. I just want to know, could we do it either way? And the answer is yes. The answer is yes, Your Honor. But we don't think that a remand would be necessary in this case or even helpful because it is a question of subject matter jurisdiction. It's a pure legal question, and there is no factual development that would be necessary for aiding the resolution of this question. Okay. Yes. The parties have had a chance to address this now, and plaintiffs are probably didn't identify any specific factual questions that would be for the development of which would be necessary for resolving this. If you look at the complaint, the relief that plaintiff is seeking, the nature of his allegations, and the questions that it would require the district court to decide, that clearly falls within the heartland of Section 511A. It clearly is asking the court to determine whether the VA acted properly in handling a request for benefits, which is what the consensus of the courts, including the D.C. Circuit and Thomas v. Principe, the Ninth Circuit en banc in the Veterans for Common Sense case, they've all articulated and endorsed that standard, and under that standard, these claims are precluded. Would it make a difference if instead of seeking sort of individual relief, this were more like reform litigation, a class action where everyone came in saying, we're not challenging our benefits determinations, we just think that the VA is doing this wrong and it needs to start giving people better information before the application process. Would that make a difference? I understand that's not the case we have here, but the courts seem a little bit more mixed up about what happens in a case like that. I believe it wouldn't, Your Honor. If you look at the Veterans for Common Sense case, that involved a similar situation where there were advocacy organizations that were claiming that the VA's procedures were causing unreasonable delays and that they weren't purporting to challenge a particular determination, but the court said that that nonetheless is precluded because it would require examining questions of law and fact necessary to the Secretary's decision affecting benefits. Similarly, in the Beeman case out of the Sixth Circuit that we cite in our briefs, that was another case involving a potential class action alleging challenges to procedures and alleging that there were unreasonable delays and the court determined that that was also precluded under Section 511A. Ultimately, Your Honors, it is Congress's choice to structure the VJRA scheme this way and it did so for good reasons. It doesn't foreclose review of claims, rather it channels those claims and all questions with respect to veterans' benefits through a specialized scheme and the statute and case law are clear with respect to the claims that have been alleged in this case, that they fall within the scope of Section 511A preclusion, but because plaintiff is actively litigating in the VJRA scheme, he has avenues to raise these claims there as well. If there are no further questions, for all these reasons... Sorry, Your Honor. For all these reasons, we would ask that the court affirm the district court's dismissal for lack of time. Thank you very much, Ms. Neumeister. Ms. Wall, you have some time for rebuttal. Thank you, Your Honor. The VA makes decisions on eligibility of benefits, on amount of benefits, on reimbursement for the provision of health care. That is not what was going on here, and I didn't hear it address the fact that this was not a handling of a claim. The claim didn't start the process until he filed his application in December of 2018. There was no handling of it before that, which is what Veterans for Common Sense contemplates.  That was about the time it takes for a veteran to submit an application to when it gets reviewed where she gets a determination on those benefits. In every case that Ms. Neumeister cites has to do with a final determination on benefits or some kind of glitch in the processing of a claim. Mr. Harrison is alleging the wrongdoing here occurred before the claims process begins. So in his complaint, we don't get to Section 511 jurisdiction. And to the extent that this court is tempted to make the subject matter jurisdiction ruling based on 511, I do think there is a factual issue that raises, which is, when does a claim start? When does a claim process begin? Mr. Harrison's allegations, that would be December, when he finally got the information he needed to file his application and process his claim. So, you know, in closing, 511, I recognize, broadly divests jurisdiction of district courts on decisions of the VA. But where the decision, review of plaintiff's claims can be made without affecting the decision of the VA, that could go forward, like it did in Brody. That was a withholding of information case. That was an access to courts case. And I would urge the court to consider jurisdictions that, like, rather than the VA handling his claim that had been submitted, or the process ending with the final determination that the VA made on his claim, which, of course, he is appealing in a separate track. If there are no further questions, I believe I'm finished. Thank you, Ms. Wall. I don't believe my colleagues have any further questions, so the case has been submitted. Ms. Wall, I want to thank you. I want to thank both counsel, but I want to thank Ms. Wall, especially for taking on this case as court-appointed counsel. We could not do what we do on the court without fine, talented lawyers like you being willing to take on causes on behalf of plaintiffs like Mr. Hairston, who deserves to be ably represented in court, and he was today. So thank you, as was the government in this case by Ms. Neumeister. So thank you very much for your arguments. We would typically come down and shake your hands. Obviously, that's not possible given the circumstances, but we are grateful to you, nonetheless, for your very able arguments here this afternoon. So be safe and stay well. Thank you very much.
judges: Albert Diaz, Stephanie D. Thacker, Pamela A. Harris